JOSEPH TUFFREE v. WILLIAM H. STEWARD, Appellant.

**Testimony Rightly Taken:** CANNOT LATER BE RENDERED ERRONEOUS. Admission of proof to support a *quantum meruit* is not error, where both the contract and the *quantum meruit* are denied, though the contract was admitted after such testimony was taken.

**Submission:** FACTS NOT DISPUTED. Where plaintiff sued on a contract and a *quantum meruit* in separate counts, and defendant admitted the contract on the trial, it was error to submit the *quantum meruit*.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

FRIDAY, OCTOBER 27, 1899.

THE plaintiff's petition is in three counts. In the first he alleges, in substance, as follows: That he is a real-estate broker; that defendant placed a certain farm in his hands for sale or exchange, and orally agreed to pay the plaintiff one hundred dollars if he would find and bring to him a person with whom he could exchange said property, upon such terms and conditions as might be agreed upon between the defendant and such person; that he also had for sale or exchange the house and grounds of one S. P. Kinsley, in Marshalltown, who also agreed orally to pay the plaintiff one hundred dollars if he would find and bring to him a person with whom he could exchange said house and grounds, upon such terms and conditions as said Kinsley and such person might agree; that defendant and Kinsley knew that plaintiff was acting as a middleman between them, and that he was to receive compensation if the

exchange was made; that in the summer of 1896 he brought said persons together, each knowing plaintiff was acting for the other; that they agreed upon terms of exchange of said properties; that Kinsley was able, ready, and willing to carry out the terms of their agreement; that the defendant afterwards refused to do so; and "that, by reason of the defendant's refusal to carry out said contract, plaintiff cannot recover his commission of said Kinsley, and hence has been damaged by the failure of said Steward to carry out and consummate said exchange in the sum of two hundred dollars, which is now due and unpaid from defendant to plaintiff." The next count (No. 1½), though in somewhat different order and language, makes substantially the same allegations as the first. The second count alleges that defendant placed said farm in plaintiff's hands for sale or exchange, at the price of thirty-five dollars per acre; that he spent a large amount of labor and time in hunting a purchaser; that Kinsley and defendant agreed upon an exchange of said properties; that Kinsley is ready and willing and able to carry out the terms of said contract, but that defendant refuses to carry it out on his part; that plaintiff fully performed his part of said contract, and produced a purchaser who agreed to take the farm at the price and upon the terms defendant had authorized the plaintiff to sell or exchange the same; and that the reasonable value of plaintiff's services is two hundred and twenty-three dollars and sixty-two cents, for which he asks judgment. The answer is, in effect, a general denial. The court submitted the case to the jury upon the first and last counts, and verdict and judgment were rendered in favor of the plaintiff for one hundred dollars. Defendant appeals.—*Reversed.*

*J. L. Carney* for appellant.

*Meeker & Meeker* for appellee.

GIVEN, J.—I. Appellant contends that the court erred in admitting testimony, over his objection, in support of

plaintiff's claim on the *quantum meruit,* on the ground that there was no dispute that plaintiff and defendant had agreed upon a compensation of one hundred dollars. That they so agreed was denied in the answer, and at the time this evidence was offered had not been admitted on the trial. Plaintiff had the right to and had declared both upon the agreement and the *quantum meruit,* and he had the right to introduce evidence in support of both, at the time it was introduced, they being denied.

Appellant further claims that the court erred in submitting the case to the jury on the second count, upon the ground that the defendant had admitted in his testimony that he and the plaintiff had agreed upon one hundred dollars compensation. Plaintiff and defendant both testified to its having been orally agreed that defendant should pay plaintiff one hundred dollars compensation on the conditions alleged in the petition. There being a contract thus admitted, plaintiff's right to recover was thereon, and not upon the *quantum meruit.* Therefore the court erred in submitting the second count to the jury.

These two causes of action are improperly joined in the first count, but, if it were otherwise, it would not cure the error of submitting plaintiff's claim under the second count. Other errors assigned and argued are without merit, or such as will not arise upon a retrial. For the error pointed out 'he judgment is REVERSED.